# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00492-GCM

| | |
|---|---|
| MIDDLESEX INSURANCE COMPANY, | |
|     Plaintiff, | |
| v. | **ORDER** |
| DOYLE DICKERSON TERRAZZO, INC., | |
|     Defendant, | |
| and | |
| DOYLE DICKERSON TERRAZZO, INC., | |
|     Counter-Claimant, | |
| v. | |
| MIDDLESEX INSURANCE COMPANY, | |
|     Counter-Defendant, | |
| and | |
| DOYLE DICKERSON TERRAZZO, INC., | |
|     Third-Party Plaintiff, | |
| v. | |
| EMCASCO INSURANCE COMPANY, | |
|     Third-Party Defendant | |

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Judgment on the Pleadings (ECF Doc. 20), the Motion to Dismiss Third-Party Defendant Emcasco Insurance Company (ECF Doc. 22), and Defendant and Third-Party Plaintiff Doyle Dickerson Terrazzo, Inc.'s Motion for Leave to Amend (ECF Doc. 27). These matters, all being fully briefed, are ripe for consideration, and the Court finds the following.

I. BACKGROUND

This is a declaratory judgment action arising out of an underlying action ("Underlying Action") where the underlying plaintiff ("Underlying Plaintiff") seeks damages based on an allegedly defective installation of terrazzo flooring by Defendant Doyle Dickerson Terrazzo, Inc. ("DDT") in a Georgia convention center. Plaintiff Middlesex Insurance Company ("Middlesex") brought this action seeking a declaration that it does not owe a duty to defend or owe payment of indemnity or insurance proceeds. DDT answered Middlesex's complaint, asserting counterclaims against Middlesex and seeking for the Court to declare that Middlesex is obligated to provide a full defense and full indemnification for the underlying claims. DDT further filed a third-party complaint against Emcasco Insurance Company ("Emcasco") seeking for the Court to declare that Emcasco is obligated to provide full defense and indemnification. DDT's third-party complaint further alleges breach of contract and Unfair Claim Settlement Practices and, thus, claims for damages as well.

On June 17, 2020, Middlesex filed Plaintiff's Motion for Judgment on the Pleadings ("Motion for Judgment on the Pleadings"), arguing that the relevant policies provide no liability coverage for the damages alleged in the underlying complaint, nor any duty to defend or indemnify. ECF Doc. 20. Emcasco then filed its own motion, Motion to Dismiss Third-Party Defendant Emcasco Insurance ("Motion to Dismiss") pursuant to Rule 12(c), on July 2, 2020.

ECF Doc. 22.  Prior to DDT's response deadline for these motions, on July 8, 2020, the Underlying Plaintiff filed a motion to amend its complaint in the Underlying Action.[1]  The motion was granted and the amended complaint ("Amended Underlying Complaint") was filed on September 1, 2020.  That same day, DDT filed its response in opposition to Middlesex's Motion for Judgment on the Pleadings, noting the proposed amended pleadings in the underlying action.  ECF Doc. 24.  Later, on July 22, 2020, DDT filed a motion to amend its counterclaims and third-party complaint in this action ("Motion to Amend"), arguing that the new pleadings in the Underlying Action present facts warranting amendment.  ECF Doc. 27.  DDT also filed a response to Emcasco's Motion to Dismiss on July 22, 2020.  ECF Doc. 30.  Replies were filed by Middlesex and Emcasco on July 22, 2020 and August 5, 2020, respectively.  ECF Doc. 29; ECF Doc. 33.  The parties also completed briefing on DDT's Motion to Amend as of August 11, 2020.

     Middlesex argues that DDT's Motion to Amend is futile, referencing arguments in its reply brief in support of the Motion for Judgment on the Pleadings.  *See* ECF Doc. 32.  To the contrary, Emcasco does not object to DDT's Motion to Amend, but does not waive any legal arguments or rights relating to alleged retroactive application of its contents, including the amended complaint in the underlying action, as to issues involving the timing of the duty to defend by Emcasco.  ECF Doc. 34.  These retroactive application arguments are addressed in Emcasco's reply in support of its Motion to Dismiss.  ECF Doc. 33 at 9–10.  The procedural history of these motions being now presented, the Court turns to discussing motions.  Any additional relevant facts are set forth in the discussion below.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court hereby takes judicial notice that the Underlying Plaintiff filed a motion to amend on July 8, 2020, which was granted on August 18, 2020.  The amended complaint was filed on September 1, 2020.

## II.    DISCUSSION

The Court must first analyze DDT's Motion to Amend to determine whether amendment is appropriate in this proceeding.  "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  After that, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  However, "[t]he court should freely give leave when justice so requires."  *Id.*  District courts have great discretion in deciding whether to grant leave to amend.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Absent evidence such as undue delay, prejudice, bad faith, or futility, courts often grant leave to amend.  *See Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987).  Here, there is no dispute regarding undue delay, prejudice, or bad faith relating to DDT's Motion to Amend.  Additionally, as previously noted, Emcasco does not object to the motion, so long as it does not waive any of its arguments regarding the date of its duty to defend.  Thus, DDT's Motion to Amend its third-party complaint will be granted.

The remaining question is whether DDT's proposed amended counterclaims against Middlesex are futile.  "Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, conjecture about the merits of the litigation should not enter into the decision whether to allow amendment."  *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (internal citations omitted).  Even taking into account the Amended Underlying Complaint, Middlesex still argues DDT's proposed amended counterclaims are futile.  The Court has thoroughly reviewed the relevant policy provisions and exclusions, and the Court finds that DDT's amended counterclaims are not clearly futile.  Therefore, DDT's Motion to

Amend should be granted. Because DDT's Motion to Amend will be granted, Plaintiff's Motion for Judgment on the Pleadings and Third-Party Defendant Emcasco Insurance Company's Motion to Dismiss should be denied without prejudice as moot.

### III. ORDER

For the reasons stated herein, **IT IS THEREFORE ORDERED**:

1. Defendant and Third-Party Plaintiff Doyle Dickerson Terrazzo, Inc.'s Motion for Leave to Amend (ECF Doc. 27) is **GRANTED**;

2. Defendant and Third-Party Plaintiff Doyle Dickerson Terrazzo, Inc.'s amended pleadings shall be filed within seven days of entry of this Order;

3. Plaintiff's Motion for Judgment on the Pleadings (ECF Doc. 20) is denied without prejudice as **MOOT**; and

4. Third-Party Defendant Emcasco Insurance Company's Motion to Dismiss (ECF Doc. 22) is denied without prejudice as **MOOT**.

**SO ORDERED**.

Signed: February 12, 2021

*Graham C. Mullen*
Graham C. Mullen
United States District Judge