# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00492-GCM

| | |
|---|---|
| **MIDDLESEX INSURANCE COMPANY,**<br><br>         **Plaintiff,**<br><br> v.<br><br>**DOYLE DICKERSON TERRAZZO, INC.,**<br><br>         **Defendant/Third-Party Plaintiff,**<br><br> v.<br><br>**EMCASCO INSURANCE COMPANY**<br><br>         **Third-Party Defendant.** | **ORDER** |

**THIS MATTER** comes before the Court upon the Second Motion of Third-Party Defendant Emcasco Insurance Company for Judgment on the Pleadings (ECF Doc. 45), which was filed on April 23, 2021, to which Defendant and Third-Party Plaintiff Doyle Dickerson Terrazzo, Inc. ("Doyle Dickerson") filed a response in opposition (ECF Doc. 48) on May 7, 2021, and Emcasco Insurance Company ("Emcasco") filed a reply (ECF Doc. 50) on May 14, 2021. Also before the Court is Doyle Dickerson's Motion for Stay of Discovery Pending Conclusion of Underlying Liability Lawsuit (ECF Doc. 51), which was filed on June 4, 2021. Plaintiff Middlesex Insurance Company ("Middlesex") filed a response (ECF Doc. 53) on June 18, 2021, and Emcasco also filed a response (ECF Doc. 54) on June 18, 2021. Doyle Dickerson filed a reply (ECF Doc. 55) on June 25, 2021. These motions, now being fully briefed, are ripe for consideration. For the

reasons stated herein, the Court finds that Emcasco's motion should be denied, and Doyle Dickerson's motion should be granted.

I.  BACKGROUND

The facts giving rise to this case stem from an allegedly defective installation of terrazzo flooring by Doyle Dickerson in a Georgia convention center. In the underlying lawsuit ("Underlying Lawsuit"), the underlying complaint ("Underlying Complaint") alleged that Doyle Dickerson breached a contract by failing to properly install a terrazzo floor in a Georgia convention center. The allegations did not explicitly allege that Doyle Dickerson's faulty work damaged other previously undamaged parts of the convention center or that the work was performed by a subcontractor. Doyle Dickerson is insured by Middlesex and Emcasco.

Middlesex filed its complaint in this Court on September 30, 2019, seeking a declaratory judgment that Middlesex owed no duty to defend or indemnify Doyle Dickerson in the Underlying Lawsuit. Doyle Dickerson answered Middlesex's complaint, asserting counterclaims against Middlesex. Doyle Dickerson also filed a third-party complaint against Emcasco, seeking for the Court to declare that Emcasco is obligated to provide full defense and indemnification and claiming breach of contract as well as unfair claims practices under North Carolina law.

In June 2020, Middlesex filed a motion for judgment on the pleadings, arguing that the relevant policies provide no liability coverage for the damages alleged in the Underlying Complaint and Middlesex owed no duty to defend or indemnify Doyle Dickerson. Emcasco filed a motion for judgment on the pleadings in July 2020. As part of Doyle Dickerson's response in opposition to these motions, it sought leave to amend its counterclaims and third-party complaint pursuant to the filing of an amended underlying complaint ("Amended Underlying Complaint"). The Amended Underlying Complaint now specifically alleges that property damage occurred to

property that was not part of Doyle Dickerson's work, plus it added a manufacturer defendant and claims for negligence and breach of warranty against this manufacturer defendant. In February 2021, the Court granted Doyle Dickerson's motion to amend its counterclaims and third-party complaint and denied without prejudice both motions for judgment on the pleadings.

Emcasco has now renewed its motion for judgment on the pleadings. In short, Emcasco has agreed to provide a defense under a reservation of rights retroactive to July 8, 2020, the date it received the Amended Underlying Complaint. However, Emcasco asks this Court for a judgment declaring that it had no duty to defend *prior* to July 8, 2020, when the pleadings did not specifically allege facts to support that the event in question was covered. In support of this argument, Emcasco maintains that the Underlying Complaint did not allege a possible "occurrence" until it was amended, did not allege potential "property damage" until it was amended, and did not allege facts to support that the "Damage To Your Work" exclusion was inapplicable.[1] Emcasco also argues that Doyle Dickerson's claim for unfair claims practices must be dismissed because there is no duty to defend prior to July 8, 2020 and because Doyle Dickerson failed to adequately plead the claim. Further, Emcasco notes that a ruling on the duty to indemnify would be premature prior to a final resolution in the Underlying Lawsuit.

Doyle Dickerson opposes Emcasco's motion, arguing that there are issues of fact remining as to whether Emcasco had a duty to defend the Underlying Complaint before it was amended. Specifically, Doyle Dickerson maintains that an insurer has a duty to perform a reasonable investigation of the claim to determine whether there is a duty to defend and there is insufficient evidence regarding the adequacy of Emcasco's investigation. Additionally, Doyle Dickerson

---

[1] The exact provisions and definitions in the policies are not set forth because they are not necessary for the Court's ruling on this motion.

argues its unfair claims practices claim should not be dismissed where the adequacy of Emcasco's investigation into the duty to defend has not yet been determined.

Doyle Dickerson has also filed a motion to stay all discovery pending the final resolution of the Underlying Lawsuit, arguing that proceeding on these claims prior to resolution of the Underlying Lawsuit risks inconsistent results and judicial inefficiency. Alternatively, Doyle Dickerson contends the Court should at least stay the non-coverage claims. Middlesex does not oppose staying any non-duty to defend claims. However, it maintains that staying discovery on the duty to defend issue will prejudice it due to continued defense costs where it may have no duty to defend. Emcasco does not oppose the motion to stay, so long as it is not construed to mean that its Rule 12(c) motion is not ripe for consideration. Any additional facts regarding these motions are set forth in the discussion below.

## II. DISCUSSION

### A. Emcasco's Motion for Judgment on the Pleadings

Emcasco brings its motion pursuant to Rule 12(c). A motion for judgment on the pleadings may be filed once the pleadings are closed. Fed. R. Civ. P. 12(c). "In resolving a motion for judgment on the pleadings, the court must accept the non-movant's factual statements as true and draw all reasonable inferences in his favor." *Hartford Cas. Ins. Co. v. Gelshenen*, 387 F. Supp. 3d 634, 637 (W.D.N.C. 2019). "Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law." *Id.* The standard is similar to a Rule 12(b)(6) motion, but in a Rule 12(c) motion courts consider the answer in addition to the complaint. *Id.* In a Rule 12(c) motion, "the court may rely on admitted facts in the pleadings, documents attached to the pleadings, and facts contained in materials of which the court may take judicial notice." *Id.* "Where an instrument is 'integral to and explicitly relied upon in the

complaint,' the instrument itself should be considered along with the factual allegations of the complaint and answer." *Id.* at 637–38 (quoting *Colin v. Marconi Com. Sys. Emps.' Ret. Plan*, 335 F. Supp. 2d 590, 596 (M.D.N.C. 2004)).

Under North Carolina law,[2] the "insurer's duty to defend is ordinarily measured by the facts as alleged in the pleadings." *Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co.*, 340 S.E.2d 374, 377 (1986). "When the pleadings state facts demonstrating that the alleged injury is covered by the policy, then the insurer has a duty to defend." *Id.* "Conversely, when the pleadings allege facts indicating that the event in question is not covered, and the insurer has no knowledge that the facts are otherwise, then it is not bound to defend." *Id.* But where the insurer "could reasonably ascertain facts that, if proven, would be covered by its policy, the duty to defend is not dismissed because the facts alleged in a third-party complaint appear to be outside coverage, or within a policy exception to coverage." *Id.* Courts have interpreted this to mean the insurer has a "duty to investigate and evaluate facts expressed or implied in the third-party complaint as well as facts learned from the insured and from other sources." *Hartford Cas. Ins. Co.*, 387 F. Supp. 3d at 638 (quoting *Waste Mgmt. of Carolinas, Inc.*, 340 S.E.2d at 374 (collecting cases)); *see also Amerisure Mut. Ins. Co. v. Superior Const. Corp.*, No. 3:07-cv-00276-W, 2008 WL 3842958, at *4 (W.D.N.C. Aug. 15, 2008) (applying the *Waste Mgmt. of Carolinas, Inc.* duty to investigate rule).

After reviewing the parties' briefings and the pleadings, this motion can be resolved by asking if there is a dispute of material fact regarding whether Emcasco met its duty to investigate and evaluate the facts set forth in the Underlying Complaint. The duty to conduct a reasonable investigation extends beyond reviewing the pleadings and information the insured provides. *Breezewood of Wilmington Condos. Homeowners' Ass'n, Inc. v. Amerisure Mut. Ins. Co.*, 335 F.

---

[2] The parties do not dispute that North Carolina law applies to this matter. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Fortune Ins. Co. v. Owens*, 526 S.E.2d 463, 466 (2000).

App'x 268, 270–71 (4th Cir. 2009); *Amerisure Mut. Ins. Co.*, 2008 WL 3842958, at *4 (citing *Waste Mgmt. of Carolinas, Inc.*, 340 S.E.2d at 378). Here, Emcasco had a duty to reasonably investigate its duty to defend and there is an issue of material fact as to whether it did so. This is not to say that a duty to defend existed based on the Underlying Complaint, since the Court makes no such ruling at this time. It is only to say that facts in the Underlying Complaint could plausibly be construed to imply that there was covered property damage that occurred, and such facts at least gave rise to a duty for Emcasco to investigate its duty to defend. Since there is a dispute of fact regarding the sufficiency of Emcasco's investigation, the Court cannot conclude as a matter of law that Emcasco had no duty to defend prior to July 8, 2020.

The Court next considers whether Emcasco is entitled to judgment on the pleadings as to Doyle Dickerson's unfair claims practices claim. A violation of Section 58-63-15 is a violation of Section 75-1.1 as a matter of law, without an additional showing indicating that such violation is a general business practice. *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 396 (4th Cir. 2018).[3] Here, Doyle Dickerson has adequately alleged that Emcasco failed to investigate its duty to defend. If proven, these allegations could support a claim for unfair claims practices. Thus, construing the facts in favor of Doyle Dickerson, the Court concludes that it is not inappropriate to grant judgment on the pleadings.

### B. Doyle Dickerson's Motion for Stay of Discovery

The Court now turns to Doyle Dickerson's Motion for Stay of Discovery. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of

---

[3] A Chapter 75 claim requires the plaintiff to show (1) "an unfair or deceptive act or practice"; (2) "in or affecting commerce"; (3) "which proximately caused injury to plaintiff." *Id.* As noted in *Elliott*, it is unclear whether conduct that violates Section 58-63-15(11) is a per se violation of Section 75-1.1 or whether the second and third elements of the claim must still be established. *Id.* at 397 n.7. However, here it appears that Doyle Dickerson has sufficiently pled damages, and there is no question that the conduct alleged is in or affecting commerce.

the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maryland v. Inv. Elecs., Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Courts must exercise judgment by weighing competing interests and maintaining an even balance. *Amdur v. Lizars*, 372 F.2d 103, 106 (4th Cir. 1967). Various factors are considered, including inconvenience, loss of time, expense, judicial economy, the hardship and inequity on the moving party if the case is not stayed, and the potential prejudice on the non-moving party if the case is stayed. *Id.*; *Henry v. N.C. Acupuncture Lic. Bd.*, No. 1:15CV831, 2017 WL 401234, at *8 (M.D.N.C. Jan. 30, 2017).

Doyle Dickerson requests that the Court stay all discovery in this action pending resolution of the Underlying Lawsuit, arguing that such a stay promotes judicial economy and prevents prejudice to Doyle Dickerson. Doyle Dickerson acknowledges that the Court could alternatively allow discovery to proceed on only the coverage issues. Meanwhile, the non-moving parties recognize that the question of duty to indemnify should not be resolved before final resolution of the Underlying Lawsuit. Further, resolution of the indemnification issue may impact the other non-coverage claims in this action. Based on these considerations, if any aspect of discovery should remain unstayed, it would be discovery on the duty to defend. Yet, the Court concludes that the balance of factors, including inconvenience, loss of time, expense, risk of inconsistency, and judicial efficiency all weigh in favor of a complete stay and outweigh any minimal potential prejudice to the non-moving parties that may result. Consequently, Doyle Dickerson's motion to stay discovery should be granted.

### III. ORDER

**IT IS THEREFORE ORDERED** that:

1. The Second Motion of Third-Party Defendant Emcasco Insurance Company for Judgment on the Pleadings (ECF Doc. 45) is **DENIED**;

2. The Motion for Stay of Discovery Pending Conclusion of Underlying Liability Lawsuit (ECF Doc. 51) is **GRANTED**;

3. This matter is hereby stayed pending resolution of the Underlying Lawsuit; and

4. The parties shall file a joint notice with the Court within thirty days of the final resolution of the Underlying Lawsuit.

**SO ORDERED**.

Signed: August 18, 2021

Graham C. Mullen
United States District Judge